LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SARAH BOUZEKRI,
*on behalf of herself,*
*FLSA Collective Plaintiffs, and the Class,*

                    Plaintiff,

                    v.

CRESCENT HOTELS & RESORTS LLC
     d/b/a HYATT HERALD SQUARE NEW YORK,
and MHG 31ST STREET LLC,

                    Defendants.

---

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

      Plaintiff SARAH BOUZEKRI ("Plaintiff" or "Plaintiff BOUZEKRI"), on behalf of herself, and Class Members, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants CRESCENT HOTELS & RESORTS LLC d/b/a HYATT HERALD SQUARE NEW YORK, and MHG 31ST STREET LLC, ("Defendants"), and states as follows:

## INTRODUCTION

      1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from

Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) liquidated damages; and (3) attorneys' fees and costs

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) compensation for late payment of wages; (3) statutory penalties; (4) liquidated damages; and (5) attorneys' fees and costs.

3.      Plaintiff further alleges that, pursuant to New York State Human Rights Law N.Y. Exec. Law § 296 ("NYSHRL"), Plaintiff is entitled to recover from Defendants for pregnancy discrimination: (1) back pay; (2) front pay; (3) compensatory damages; (4) punitive damages; and (5) attorneys' fees and costs.

4.      Plaintiff further alleges that, pursuant to New York City Human Rights Law Administrative Code of City of NY § 8-107 ("NYCHRL"), Plaintiff is entitled to recover from Defendants for pregnancy discrimination: (1) back pay; (2) front pay; (3) compensatory damages; (4) punitive damages; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

7.      Plaintiff BOUZEKRI is a resident of New York County, New York.

8.     All Defendants operate and manage Hyatt Herald Square. Defendants are in charge hiring employees like Plaintiff. Defendants set schedules and manage the activity of all Hyatt Herald Square employees.

9.     Defendant CRESCENT HOTELS & RESORTS LLC d/b/a HYATT HERALD SQUARE NEW YORK is a foreign limited liability company with a principal place of business located at 10306 Eaton Place, Suite 420, Fairfax, VA 22030, and an address for service of process located at Incorp Services, Inc., One Commercial Plaza, 99 Washington Avenue Suite 805, Albany, NY 12210.

10.     Defendant  MHG 31ST STREET LLC is a foreign limited liability company with a principal place of business located at 30 W 31st Street, New York, NY 10001, and an address for service of process located at c/o Corporation Service Company, 80 State Street, Albany, NY 12207.

11.     At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

12.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

13.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the businesses operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

14.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section l6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to front desk agents, engineers, housekeepers, bellman, and porters among others, employed by

Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages for all time worked, due to time shaving, and the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

16.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including but not limited to front desk agents, engineers, housekeepers, bellman, and porters among others, employed by Defendants throughout New York State in hotels owned and operated by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class Period").

18.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are

determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous such that a joinder of all Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) Members of the Class.

20. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper wages, including overtime, due to time shaving; (ii) late payment of wages; (iii) failing to provide wage and hour notices at the date of hiring and annually; and (iv) failing to provide proper wage statements with every payment of wages, per requirements of the NYLL.

21. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former

employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members properly;

c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class Members for their work;

d)  Whether Defendants properly notified Plaintiff and the Class Members of their hourly rates and overtime rates;

e)  Whether Defendants properly compensated Plaintiff and Class Members for all hours worked;

f)  Whether Defendants caused time shaving by paying Plaintiff and Class Members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

g)  Whether Defendants paid Plaintiff and Class Members their lawful wages in a timely manner;

h)   Whether Defendants provided wage and hour notices to Plaintiff and the Class Members at date of hiring, as required under the NYLL; and

i)   Whether Defendants provided to Plaintiff and Class Members proper wage statements with each payment of wages as required by NYLL.

**STATEMENT OF FACTS**

*Wage and Hour Violations:*

26.   Plaintiff BOUZEKRI worked at the Hyatt Hotel Herald Square located at 30 W 31st Street, New York, NY 10001 from in or around February 2019 to in or around March 2019 as a front desk agent.

27.   Plaintiff BOUZEKRI's duties included checking in customers, answering calls, replying to customer questions, checking out customers, assisting customers with their luggage, putting luggage in storage rooms, and taking payments. Physical labor for Plaintiff included always having to stand and help customers with their heavy luggage. Plaintiff, FLSA Collective Plaintiffs, and Class Members were all engaged in physical work and must be classified as manual workers, regardless of job actual job titles.

28.   Throughout her employment, Plaintiff was scheduled to work five (5) days per week from 2:00 p.m. to 10:00 p.m., for a total of forty (40) hours per week. FLSA Collective Plaintiffs and Class Members worked a similar number of hours each week.

29.   Throughout her employment, Plaintiff was paid at a rate of seventeen dollars and fifty cents ($17.50) per hour. FLSA Collective Plaintiffs and Class Members were all compensated at similar rates throughout their employment.

30.   At all relevant times, Plaintiff, FLSA Collective Plaintiffs, and Class Members worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime

8

premium rate of time and one half of their regular hourly rate for each hour exceeding forty (40) hours per workweek in violation of the FLSA and NYLL.

31.     Throughout her employment, Defendants did not pay Plaintiff for all hours worked, including overtime, due to time shaving. Plaintiff's shift leader Zaid [LNU] would not allow Plaintiff to clock in before her scheduled shift started, despite the fact that she was required to work as soon as she arrived. Plaintiff would work fifteen (15) minutes before her scheduled shift and stay after thirty (30) minutes after her shift to continue working. As a result, Plaintiff was time shaved forty-five (45) minutes per day. FLSA Collective Plaintiffs and Class Members similarly were time shaved because they were not paid for all hours. Plaintiff kept certain phone records detailing Defendants' time shaving scheme.

32.     In addition, Defendants further time shaved Plaintiff's hours once a week because the clock machine would not be working. When this happened, managers would have to manually input Plaintiff's time. This resulted in Plaintiff's hours being shorted one (1) hour a week. FLSA Collective Plaintiffs and Class Members similarly had their hours shorted because the clock machine was not working.

33.     Throughout Plaintiff's employment, Defendants regularly failed to pay Plaintiff her wages within seven (7) days of the end of the week in which Plaintiff earned them, in violation of NYLL § 191(1)(a)(i).[1] Defendants would provide Plaintiff with checks every two (2) weeks. Therefore, Plaintiff and Class Members are owed liquidated damages equal to the late payment of wages and accrued interest on the delayed payments.

---

[1] See *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 2019 NY Slip Op 06459, ¶¶ 1-2, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 287-88 (App. Div. 1st Dept.)

34.     At all relevant times, Defendants failed to provide Plaintiff and Class Members with any wage and hour notices as required under the NYLL.

35.     Defendants failed to maintain proper employment records, as required by the NYLL. At all relevant times, Defendants provided incorrect wage statements to Plaintiff, which failed to accurately show the number of hours worked by Plaintiff in a given workweek. Class Members received similar incorrect wage statements due to Defendants' policy of time shaving.

36.     Defendants knowingly and willfully operated their business with a policy of failing to pay proper overtime at a rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek. Defendants also failed to pay Plaintiff and Class Members for all hours worked due to a policy of time shaving, in violation of the NYLL.

37.     Defendants knowingly and willfully operated their business with a policy of not providing wage and hour notice as required under the NYLL.

38.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

*Discrimination and Hostile Work Environment*

39.     Throughout her employment, Plaintiff BOUZEKRI suffered from Defendants permitting managerial employees to foster a hostile work environment based on Plaintiff's pregnancy.

40.     Plaintiff BOUZEKRI was seven (7) months pregnant when she began working for Defendants. Defendants knew this yet forced her to stand during her entire employment period.

41.     As a front desk agent Plaintiff BOUZEKRI could perform her tasks while sitting down. However, Defendants did not accommodate to this need. Plaintiff was constantly berated

10

and scolded by manager Angelli Omana and shift leaders, including Zaid [LNU], if she tried to sit down because of her pregnancy.

42.     Furthermore, Defendants continued to verbally harass Plaintiff BOUZEKRI during her employment because she was pregnant. They would always target Plaintiff and make a bigger deal out of things that Plaintiff did wrong. For example, one day a customer filed a complaint, and Plaintiff replied, "Don't worry, we will fix it." Plaintiff was scolded for this because management said, "you're not supposed to promise customer anything."

43.     Also, when Plaintiff when to the bathroom, shift leader Zaid [LNU] said, "you take too long in the bathroom" even though he knew Plaintiff was pregnant. Zaid [LNU] would complain to Plaintiff if she took one (1) more minute then her allotted break. Zaid [LNU] made comments to Plaintiff when she requested to sit when the hotel was not busy. Such comments included, "When are you due?" "Do you plan to give birth here?" "Are you going to go on FMLA?"

44.     When she was hired, Plaintiff BOUZEKRI applied for the overnight shift because during this shift employees could sit down. However, Defendants ignored her application and continued to give her evening shifts and required her to always be standing even when she was able to work while sitting. Plaintiff saw managers and other non-pregnant employees, sitting during these shifts.

45.     Plaintiff BOUZEKRI would complain to her shift managers, including Zaid [LNU], as well as manager Angelli Omana. They all denied her requests to sit and applications to work the overnight shift. They just told her that she cannot sit down and has to be standing for the whole shift. Plaintiff even tried to lean on the desk or put her elbows on the front desk in order to take

11

some pressure off her back. Defendants saw this and told her "No, you have to stand up straight, don't lean on the desk" Plaintiff replied, "I am in pain" and they didn't care.

46.     Conducts by Defendants were so outrageous that other employees in the hotel would comment on the way Plaintiff was treated by Defendants. Erica [LNU], who worked at the restaurant inside the hotel commented, "Wow, how come you're standing all this time? You are very pregnant!"

47.     Plaintiff BOUZEKRI's employment eventually ended because she became nine (9) months pregnant and could no longer handle working while standing and needed to sit. However, Defendants still did not allow her to sit. If Defendants had accommodated her, she could have worked until she had her child.

48.     As a result of the discrimination and hardships she faced by Defendants, Plaintiff BOUZEKRI suffered physically and mentally by her experiences. Her work conditions caused her issues with her pregnancy as she was labeled a high-risk pregnancy by her doctor and got anemia from stress. *See* **Exhibit A – Plaintiff's Medical Records.** She was diagnosed with general anxiety disorder and anemia (lack of iron) that was due to her daily stressful work environment. *Id.* Plaintiff's doctor highlighted the anxiety and added that there was an increased risk of possible postpartum depression. *Id.* Plaintiff continues to suffer from mental anguish, and stress.

49.     Defendants violated New York State and New York City anti-discrimination laws when they caused Plaintiff's employment to terminate because she was pregnant.

50.     This action is within the statute of limitations set by the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") pursuant to Governor Cuomo's Executive Order No. 202.8[2] tolling the statute of limitations for applicable

---

[2] https://www.governor.ny.gov/sites/default/files/atoms/files/EO_202.8.pdf

claims starting March 20, 2020, and the nine Executive Orders which extended Executive Order No. 202.8's tolling of the statute of limitations through November 3, 2020.[3]

51.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

52.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

53.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

55.     At all relevant times, Defendant had gross annual revenues in excess of $500,000.00.

56.     At all relevant times, Defendants had a policy and practice of failing to pay all wages, including overtime, for all hours worked to Plaintiff and FLSA Collective Plaintiffs due to time shaving.

---

[3] *See* Brash v. Richards, 2021 NY Slip Op 3436

57.     At all relevant times, Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay.

58.     Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

59.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime, when Defendants knew or should have known such was due.

60.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

61.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

62.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving; plus an equal amount as liquidated damages.

63.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

64.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

65.     At all relevant times, Plaintiff and Class Members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

66.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class Members the full amount of wages, including overtime, due under the NYLL.

67.     Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to time shaving.

68.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them their wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

69.     Defendants knowingly and willfully failed to provide wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class Members, as required by NYLL § 195(1).

70.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members with every wage payment, as required by NYLL § 195(3). Defendants provided fraudulent wage statements that failed to accurately reflect the proper compensation owed and hours worked by Plaintiff and Class Members.

71.     Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants damages for unpaid wages, including overtime, due to time shaving;

unreasonably delayed payments; reasonable attorneys' fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

**COUNT III**

**<u>PREGNANCY DISCRIMINATION IN VIOLATION OF THE</u>**

**<u>NEW YORK STATE HUMAN RIGHTS LAW</u>**

72.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

73.     The New  York State Human Rights Law ("NYSHRL") provides: "It shall be an unlawful discriminatory practice: For an employer … because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." New York State Executive Law § 296(1)(a).

74.     The New York State Human Rights Law not only prohibits sex discrimination generally but also makes it "an unlawful discriminatory practice for an employer … to refuse to provide reasonable accommodations to the … pregnancy-related conditions … of an employee." N.Y. Exec. Law § 296(3)(a)-(b).

75.     Plaintiff is an employee and qualified persons within the meaning of NYSHRL and Defendants are covered employers under the NYSHRL.

76.     At all relevant times, the Defendants had at least four persons in their employment, and therefore the Defendants and their agents and employees were and are required to comply with the NYSHRL.

77.     Defendants willfully violated the NYSHRL by terminating Plaintiff's employment on the basis of her sex, specifically her pregnant status, in violation of New York Executive Law § 296.

78.     Defendants' conduct was willful or undertaken with malice and reckless disregard of Plaintiff's protected rights under NYSHRL.

79.     As a direct and proximate result of said discrimination, Plaintiff suffered and continues to suffer actual damages in forms including specifically but without limitation loss of past and future earnings, mental anguish, and pain and suffering. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of punitive damages, interest, attorney's fees, and costs, as provided for under the NYSHRL.

## COUNT IV

## PREGNANCY DISCRIMINATION IN VIOLATION OF

## NEW YORK CITY HUMAN RIGHTS LAW

80.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein.

81.     The New York City Human Rights Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment on the basis of sex, providing that

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions, or privileges of employment.

The New York City Administrative Code § 8-107(1).

82.     Plaintiff is an employee and qualified person within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

17

83.     At all relevant times, Defendants had at least four (4) persons in their employment. Plaintiff was an employee and qualified person within the meaning of NYCHRL and Defendants are covered employers under the NYCHRL.

84.     Defendants operated a business that discriminated against Plaintiff on the basis of her pregnancy in violation of the NYCHRL. The New York City Human Rights Law makes it "an unlawful discriminatory practice" for any private employer to refuse a reasonable accommodation to an employee for "pregnancy, childbirth or related medical condition." N.Y.C. Admin. Code § 8-107(22)(a).

85.     Under the NYCHRL, an employer is liable for the discriminatory conduct by an employee, agent, or independent contractor. The NYCHRL provides in relevant part:

(a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

(b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or
(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

Administrative Code § 8-107(13)

86.     Defendants violated the NYCHRL by discriminating against the terms, conditions, and privileges of Plaintiff's employment by terminating her employment as a result of her pregnancy.

87.     Defendants' conduct was willful or undertaken with reckless disregard of Plaintiff's protected rights under the NYCHRL.

**88.**     As a direct and proximate result of said discrimination, Plaintiff suffered and continues to suffer actual damages in forms including specifically but without limitation loss of past and future earnings; mental anguish; and pain and suffering. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of punitive damages, interest, attorney's fees, and costs, as provided for under the NYCHRL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs, and Class Members respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, NYSHRL, and NYCHRL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.  An award of unpaid wages, including overtime compensation, due to time shaving;

d.  An award of unpaid overtime compensation at the proper rate of one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek, due under the FLSA and NYLL;

e.  An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f.  An award of liquidated damages as a result of Defendants' willful failure to pay the proper wages, including overtime, pursuant to the FLSA and/or NYLL;

g.  An award of front pay and back pay due under the NYSHRL and the NYCHRL;

h.  An award of compensatory damages and punitive damages due under the NYSHRL and NYCHRL;

i.  An award of prejudgment and postjudgment interest, costs, and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.  Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

k.  Designation of this action as a class action pursuant to F.R.C.P. 23;

l.  Designation of Plaintiff as Representative of the Class; and

m.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  August 24, 2022

Respectfully submitted,

By:     */s/ C.K. Lee*
        C.K. Lee, Esq.

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        148 West 24th Street, 8th Floor
        New York, NY 10011
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiff,*
        *FLSA Collective Plaintiffs, and the Class*